United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Deutsche Bank National Bank, Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 18-61829-Civ-Scola ) |
| Rosalie L. Jenkins, Defendant. | ) ) |

## **Order Remanding Case to State Court**

This matter is before the Court upon the Defendant Rosalie L. Jenkins's motion for leave to proceed *in forma pauperis*. (ECF No. 3.) Ms. Jenkins, who is proceeding pro se, has not paid the required filing fee. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Rehnerger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (holding that 28 U.S.C. § 1915(e) applies to all IFP proceedings). Section 1915(e)(2)(B) permits a court to dismiss a suit "any time [ ] the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Ms. Jenkins initiated this case by filing a notice of removal (ECF No. 1) of what appears to be a foreclosure proceeding in Broward County circuit court. In the notice, Ms. Jenkins attempts to invoke the Court's diversity jurisdiction under 28 U.S.C. section 1332.

"A district Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, provided that no defendant is a citizen of the state in which the action was brought." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996). Thus, where a defendant is a citizen of Florida at the time of removal, the district court lacks diversity jurisdiction. *Thermoset Corp.*, 849 F.3d at 1317. Upon a review of the notice, Ms. Jenkins admits that she is a citizen of the state of Florida. (*See* ECF

No. 1 at 3.) As a result, the Court lacks subject matter jurisdiction and removal of the underlying action in this case is improper. In addition, even though Ms. Jenkins purports to assert a claim "strictly for money damages," she in fact asserts no claims against Deutsche Bank, and has simply attached documentation related to the underlying foreclosure proceeding to the notice of removal. Therefore, Ms. Jenkins fails to state a claim.

Accordingly, this case is **remanded** to state court. The Clerk is directed to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the 17th Judicial Circuit in and for Broward County. Ms. Jenkins's motion for leave to proceed IFP (**ECF No. 3**) is therefore **denied as moot**.

**Done and ordered** at Miami, Florida, on August 8, 2018.

_____
Robert N. Scola, Jr.
United States District Judge